IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

OSCAR BANUELOS-ACOSTA,    )
                          )
            Petitioner,   )
                          )
       v.                 )    1:11CV736
                          )
ALVIN W. KELLER, JR.,     )
                          )
            Respondent.   )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. For the following reasons, the Petition cannot be further processed.

1. Petitioner has not presented his Petition in a way that can be understood and responded to by Respondent or ruled upon by the Court. Although Petitioner has completed most of his paperwork in English, the portion actually setting out his claim is written in Spanish. Petitioner has demonstrated the ability to make filings in English both through his other submissions in this case and through his filing of a prior case. (1:11CV622, Docket Entry 1.) He must present his current claim in English as well.

2. Petitioner has failed to indicate that state court remedies have been exhausted as required by 28 U.S.C. § 2254(b). In his first, and only, ground for relief, Petitioner states "SEE ATTACHMENT," with the attachment being the statement in Spanish just discussed. However, underneath Ground One, Petitioner does not answer the questions asking whether or not he has exhausted his state court remedies as to Ground One. (Docket Entry 2, § 12, Ground One.) Spaces on the petition form reserved for Grounds Two, Three, and Four are blank. However, under the spaces for Grounds Two and Three, Petitioner did complete the questions concerning exhaustion. He states that he

filed a motion for appropriate relief in the Guilford County Superior Court and that he never heard back from that court. He does not give a filing date for the motion for appropriate relief. (*Id.*, Grounds Two and Three.) Therefore, based on the Petition as submitted, it appears that Petitioner may not have submitted the one claim he raises here to the state courts at all or that, if he did, the claim has not yet been ruled upon. Either way, it appears to be unexhausted.

3. Petitioner's *in forma pauperis* application is unclear as to the amount deposited into his trust account in the past six months. In question 3 of that form, he claims to have had no income from any source in the past twelve months. (Docket Entry 1.) In question 6 of the form he also indicates that the deposits into his prison trust account for the last six months are "0." However, he then writes "maybe $250.00" immediately after that. It is unclear from these answers whether Petitioner has received income into his account in the last six months or not.

Because of theses pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. *See Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS RECOMMENDED** that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current petition.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

October 6, 2011